UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HANNAH GUILLOTTE                                    CIVIL ACTION

VERSUS

AMERICAN NATIONAL PROPERTY                NO. 23-00931-BAJ-RLB
AND CASUALTY COMPANY

### RULING AND ORDER

Before the Court is Defendant's **Motion For Summary Judgement [sic] (Doc. 19, the "Motion")**. Plaintiff filed a Notice Of No Opposition (Doc. 23).

This is an insurance dispute. (Doc. 1). Plaintiff, the alleged insured, initially asserted that Defendant, the insurer, breached an insurance policy (the "Policy") by failing to timely pay Plaintiff sufficient funds after Plaintiff's property sustained damage from Hurricane Ida. (*Id.* ¶¶ 6–29). Plaintiff also sought to recover bad faith damages, penalties, and attorney's fees under La. R.S. 22:1973 and 22:1892 from Defendant. (*Id.* ¶ 31).

Defendant filed the Motion, which contends that summary judgment should be granted in Defendant's favor, because Plaintiff is not a named or third-party beneficiary of the Policy. (Doc. 19 at 1). Defendant contends that because Plaintiff is not covered by the Policy, Plaintiff cannot prove that Defendant breached the Policy or demonstrated bad faith under La. R.S. 22:1973 and 22:1892. (*Id.*). In support of this contention, Defendant argues that the Policy only covers the "Named Insured/Mortgagee" of the property, Magee Holdings, LLC, and that the Policy does not name Plaintiff as an insured or a third-party beneficiary. (Doc. 19-1 at 1–2). A

1

review of the Policy confirms that Magee Holdings is the insured and that "[t]he mortgagor is not a named insured under the policy." (Doc. 19-3 at 1, 7).

In response, Plaintiff filed a Notice Of No Opposition, in which Plaintiff clarified that Plaintiff now does not oppose the Court granting Defendant's Motion. (Doc. 23).

Federal Rule of Civil Procedure 56 provides that the Court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Stated differently, "[i]f the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

"A party seeking to recover under an insurance policy has the burden of pleading and proving that his claim falls within the terms and conditions of the policy." *Davidson v. United Fire & Cas. Co.*, 90-0849, p. 5 (La. App. 4 Cir. 2/28/91), 576 So. 2d 586, 590. This includes proving that the policy covers the alleged insured. *Beavers v. Hanover Ins. Co.*, 21-0070, p. 4 (La. App. 1 Cir. 10/8/21), 331 So. 3d 340, 343. A breach of contract claim requires, at minimum, "the existence of a contract" among the parties. *1100 S. Jefferson Davis Parkway, LLC v. Williams*, 14-1326 (La. App. 4 Cir. 5/20/15), 165 So. 3d 1211, 1216, *writ denied*, 15-1449

(La. 10/9/15), 178 So. 3d 1005. "To recover pursuant to [La. R.S. 22:1973 and 22:1892], 'a plaintiff must first have a valid, underlying, substantive claim upon which insurance coverage is based.'" *Engles v. Great Lakes Ins. SE*, 675 F. Supp. 3d 702, 706 (E.D. La. 2023) (quoting *Q Clothier New Orleans LLC v. Twin City Fire Ins. Co.*, 535 F. Supp 3d 574, 588 (E.D. La. 2021), *aff'd sub nom.*, *Q Clothier New Orleans L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252 (5th Cir. 2022)).

Here, the unrebutted summary judgment evidence conclusively establishes that the Policy does not cover Plaintiff. (Doc. 19-3 at 1, 7). Rather, the record evidence shows that non-party Magee Holdings, LLC contracted with Defendant to be covered under the Policy. (*Id.*). Having now failed to produce any summary judgment evidence regarding the existence of a contract with Defendant, Plaintiff's breach of contract claim and claims under La. R.S. 22:1973 and 22:1892 must be dismissed. *Geiserman*, 893 F.2d at 793.

Accordingly,

**IT IS ORDERED** that Defendant's **Motion (Doc. 19)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action be and is hereby **DISMISSED WITH PREJUDICE**.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 16th day of July, 2025

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**